THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:18-cr-00091-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> OSCAR ORLANDO ) <br> NAVARRO-MELENDEZ, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Motion for a Reduction of Sentence" [Doc. 62].

I.  **BACKGROUND**

The Defendant Oscar Orlando Navarro-Melendez was charged in a Bill of Indictment with two counts of possession with intent to distribute quantities of methamphetamine, in violation of 21 U.S.C. § 841 (Counts One and Four), and two count of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Counts Two and Five). [Doc. 1]. The Defendant pled guilty pursuant to a written plea agreement to Count One; the remaining drug and firearm charges were dismissed. [Docs. 42, 44, 46]. A Presentence Report was prepared in

advance of sentencing, which determined a total offense level of 33, including a two-level increase due to the fact that the Defendant had possessed a dangerous weapon (namely, two firearms) in connection with his offense. [Doc. 52: PSR at ¶¶ 33, 41]. The probation office further determined that the Defendant had zero criminal history points, which established a criminal history category of I. [Id. at ¶ 51]. That criminal history category, when combined with a total offense level of 33, resulted in a guideline range of 135 to 168 months' imprisonment. [Id. at ¶ 45]. On September 26, 2019, the Court sentenced the Defendant to a term of 135 months' imprisonment. [Doc. 55]. The Defendant did not appeal.

The Defendant now moves pursuant to 18 U.S.C. § 3582(c)(2) and Part B of Amendment 821 for a reduction of his sentence. [Doc. 62].

## II. DISCUSSION

Generally, the Court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, the Court may reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission." See 18 U.S.C. § 3582(c)(2). In such a case, the Court may reduce the sentence if such a reduction would be "consistent with applicable policy statements issued by the Sentencing

2

Commission." Id. The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

In considering a motion under § 3582(c)(2), the Court undertakes a two-step analysis. First, the Court must "determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized," including calculating "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." United States v. Martin, 916 F.3d 389, 395 (4th Cir. 2019) (quoting Dillon v. United States, 560 U.S. 817, 827 (2010)). Second, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Id. The Court also may consider the defendant's post-sentencing conduct. U.S.S.G. § 1B1.10 cmt. 1(B)(iii). Ultimately, the decision to grant or deny a § 3582(c)(2) motion is within the Court's discretion. United States v. Smalls, 720 F.3d 193, 195 (4th Cir. 2013).

Part B of Amendment 821, which became effective on November 1, 2023, amended U.S.S.G. § 4C1.1 to provide for a decrease of two levels from the offense level determined under Chapters Two and Three for those

defendants who did not receive any criminal history points and whose offense of conviction did not include any aggravating factors. U.S.S.G. § 4C1.1 (2023). One of the aggravating factors identified in the revised guideline is that the Defendant possessed a firearm or other dangerous weapon in connection with the offense. Id. § 4C1.1(a)(7). Here, the Defendant's offense of conviction clearly involved the possession of at least two firearms. As such, the Defendant does not meet the criteria for relief under Part B of Amendment 821. Accordingly, the Defendant's motion is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for a Reduction of Sentence" [Doc. 62] is **DENIED**.

**IT IS SO ORDERED.**

Signed: April 22, 2024

Martin Reidinger
Chief United States District Judge