# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:18-cr-00091-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| OSCAR ORLANDO ) | |
| NAVARRO-MELENDEZ, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Reconsider a Denial of Reduction of Sentence" [Doc. 65].

On April 8, 2024, the Defendant moved pursuant to 18 U.S.C. § 3582(c)(2) and Part B of Amendment 821 for a reduction of his sentence. [Doc. 62]. This Court denied said motion on the grounds that Part B of Amendment 821 did not apply to the Defendant because his conviction involved the possession of at least two firearms, and therefore he fell under the exclusionary criteria for relief. [Doc. 64].

The Defendant now moves for this Court to reconsider the denial of his motion for a sentence reduction, arguing that the exclusionary criteria did not

apply to him because his accountability was limited to his own conduct and not that of his co-conspirator. [Doc. 65].

As the Court made clear in its prior Order, and as established in the Defendant's Presentence Report, the possession of a firearm involved in his offense was not limited to his co-conspirator, as the Defendant himself was found to be in possession of at least two firearms. [Docs. 52, 64]. Therefore, the Defendant is not entitled to relief.

## ORDER

**IT IS THEREFORE ORDERED** that the Defendant's "Motion to Reconsider a Denial of Reduction of Sentence" [Doc. 65] is **DENIED.**

**IT IS SO ORDERED.**

Signed: May 25, 2024

Martin Reidinger
Chief United States District Judge